Greg S. Como (013187) como@lbbslaw.com
Adam Polson (022649) polson@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm e-mail: azdocketing@lbbslaw.com
Attorneys for Beazley Insurance Company, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Beazley Insurance Company, Inc., | No. CV _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | (Declaratory Judgment) |
| Perk Design + Develop, Inc., an Arizona corporation; Craig Prichard; and Josh Baker, | |
| Defendants. | |

For its Complaint, Beazley Insurance Company, Inc., alleges as follows:

## GENERAL ALLEGATIONS

1. Beazley Insurance Company, Inc., ("Beazley") is incorporated in Connecticut with its principal place of business in Farmington, Connecticut. Beazley was and is licensed within the State of Arizona and is authorized by the Arizona Department of Insurance to conduct the business of insurance within this State.

2. Perk Design + Develop, Inc. ("Perk Design"), is an Arizona corporation with its principal place of business in Tempe, Arizona.

3. Craig Prichard is a resident of Maricopa County, Arizona, and an officer, director, and shareholder of Perk Design.

4. Josh Baker is a resident of Maricopa County, Arizona, and an officer,

director, and shareholder of Perk Design.

5. This action is brought pursuant to the provisions of 28 U.S.C. § 2201, in that a controversy exists concerning the parties to be decided by the Court as a declaratory judgment.

6. A substantial part of the events giving rise to this lawsuit occurred within Arizona and venue is appropriate in this Court, pursuant to 28 U.S.C. § 1391.

7. The parties are of diverse citizenship, and jurisdiction is appropriate in this Court, pursuant to 28 U.S.C. § 1332.

8. The amount in controversy exceeds $75,000.00 taking into account the probable cost of defending the GolfLogix lawsuit discussed below, and the damages sought by GolfLogix in the lawsuit.

## THE GOLFLOGIX LAWSUIT

9. On January 7, 2010, GolfLogix, Inc., filed a lawsuit in Maricopa County Superior Court at CV 2010-000806 against Perk Design, Craig and Rebecca Prichard, Josh and Melissa Baker, GolfShot, LLC, Epic Think Media, LLC, and ShotZoom Software, LLC (the "GolfLogix lawsuit"). A copy of the Amended Complaint in the GolfLogix lawsuit is attached as Exhibit 1.

10. In the GolfLogix lawsuit, GolfLogix alleges that Craig Prichard ("Prichard") and Josh Baker ("Baker") formerly worked for GolfLogix, and participated in developing GolfLogix's website and GolfLogix's golf GPS software user interface. After Prichard and Baker ceased working for GolfLogix, they allegedly contracted with GolfLogix to perform additional work while working under the company Perk Design + Develop, Inc.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

GolfLogix alleges that certain of the materials it made accessible to Perk Design were confidential and proprietary.

11.     In the GolfLogix lawsuit, GolfLogix generally alleges that, sometime in 2008, Perk Design, Prichard, and Baker set out to unfairly compete with GolfLogix.

12.     GolfLogix alleges that, in August, 2008, Prichard and Baker formed ShotZoom Software LLC ("ShotZoom") to market a competing golf application, and that they also filed an application to register "Golfshot" as a federal trademark, in September, 2008.

13.     GolfLogix further alleges that, in September, 2008, during negotiations for an addendum to Perk Design's contract with GolfLogix, Perk Design, Prichard, and Baker failed to disclose that they had formed ShotZoom and had applied for a federal trademark for the name "Golfshot."

14.     GolfLogix further alleges that, in October, 2008, Prichard initiated discussions with GolfLogix to explore the possibility of a GPS application that would work on Apple's iPhone.  GolfLogix alleges that Prichard provided an inflated quote to GolfLogix to develop the iPhone application to distract GolfLogix from pursuing the application.

15.     GolfLogix further alleges that, in January, 2009, Perk Design used the pretext of security concerns to further its objectives and to force GolfLogix to sign unnecessary legal agreements.

16.     GolfLogix further alleges that Golfshot provides similar functionality as GolfLogix's GPS products and is a direct competitor.  However, Golfshot is allegedly sold

4817-0576-2054.1                              3

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

for a substantially lower price, which would not be possible without the misconduct alleged in the GolfLogix lawsuit. GolfLogix further alleges that the defendants in the GolfLogix lawsuit used confidential and intellectual property to develop this application.

17. GolfLogix further alleges that Golfshot is developed and marketed by Perk Design, Prichard, Baker, GolfShot, Epic Think, and ShotZoom.

18. Upon information and belief, ShotZoom is owned, managed or controlled by Prichard, Baker and/or Perk Design.

19. Upon information and belief, Prichard and Baker are officers or directors of ShotZoom.

20. Upon information and belief, GolfLogix, LLC, is owned, managed or controlled by Prichard, Baker and/or Perk Design.

21. Upon information and belief, Prichard and Baker are officers or directors of GolfLogix.

22. Upon information and belief, Epic Think Media, LLC, is owned, managed or controlled by Prichard, Baker and/or Perk Design.

23. Upon information and belief, Prichard and Baker are officers or directors of Epic Think Media, LLC.

24. GolfLogix's First Amended Complaint states causes of action for (a) breach of contract (against Perk Design); (b) breach of the covenant of good faith and fair dealing (against Perk Design); (c) violation of Arizona Trade Secret Act (against all named defendants); (d) unfair competition (against all named defendants); (e) tortious interference (against all named defendants); (f) fraudulent concealment (against Perk Design, Prichard,

4817-0576-2054.1                     4

and Baker); (g) fraudulent nondisclosure (against Perk Design, Prichard, and Baker); and (h) (fraudulent inducement (against Perk Design, Prichard, and Baker).

25. GolfLogix seeks against Perk Design and the other defendants a preliminary and permanent injunction, an unspecified amount of compensatory damages, an unspecified amount of punitive and exemplary damages, and other relief in its lawsuit.

26. Perk Design has tendered the GolfLogix lawsuit to Beazley for defense and indemnity. Beazley is presently defending Perk Design, Prichard, and Baker under a full reservation of rights.

## THE INSURANCE POLICY

27. Beazley issued an insurance policy to Perk Design (Policy Number V15RP809PNPT), effective February 23, 2009 through February 23, 2010 (the "Policy"). The Policy has a retroactive date of February 23, 2009. The Policy is a claims made and reported policy.

28. The Policy is a professional and technology based services, technology products, computer network security, and multimedia and advertising liability insurance policy.

29. The Policy has a liability limit of $1,000,000 for each **Claim**, which includes **Claims Expenses**. In other words, the liability limit is reduced by payment of **Claims Expenses**. The Policy has a $10,000 deductible for each **Claim**.

30. Various provisions in the Policy limit or entirely preclude coverage for Perk Design, Prichard and Baker for the allegations in the GolfLogix lawsuit including, but not necessarily limited to:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

    a. Each of the Insuring Agreements state that coverage is available only for alleged wrongful acts occurring "on or after the Retroactive Date." Many of the allegations in the GolfLogix lawsuit relate to defendants' conduct before the retroactive date of February 23, 2009.

    b. To the extent they are entitled to coverage, Prichard and Baker are only covered for their performance of their duties as officers and/or directors of Perk Design; or for acts done within the scope of their employment, and related to the conduct of Perk Design's business. GolfLogix alleges that Prichard and Baker were acting as agents of GolfShot, Epic and ShotZoom in developing the competing product.

    c. An exception to the Insuring Clauses states: "Insuring Clauses I.A., I.B., I.C., and I.D. of this Insurance shall not apply to any **Claim** for or arising out of the disclosure, misuse or misappropriation of any ideas, trade secrets or confidential information that came into the possession of any person prior to the date he or she became an employee, officer, director, principal or partner of the **Insured Organization**." GolfLogix alleges that Prichard and Baker helped develop GolfLogix's website and GPS software in addition to developing other intellectual property owned by GolfLogix.

    d. Exclusion A precludes coverage in connection with or resulting from any **Claim** "[a]rising out of or resulting from any criminal, dishonest, fraudulent or malicious act, error or omission committed by any **Insured**." GolfLogix alleges that the defendants illegally stole GolfLogix's trade secrets, fraudulently concealed their intent to compete with GolfLogix, and fraudulently induced Golflogix to amend its agreements with Perk Design to change GolfLogix's intellectual property rights in certain data files.

    e. Exclusion B precludes coverage in connection with or resulting from any **Claim**:

Arising out of or resulting from any act, error or omission committed prior to the inception date of this Insurance:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

  1. if any **Insured** on or before the inspection date knew or could have reasonably foreseen that such act, error or omission might be expected to be the basis of a **Claim**; or

  2. in respect of which any **insured** has given notice of a circumstance which might lead to a **Claim** to the insurer of any other policy in force prior to the inception date of this Policy.

f. Exclusion C precludes coverage in connection with or resulting from any **Claim** "[a]rising out of any related or continuing acts, errors or omissions where the first such act, error or omission was committed prior to the Retroactive Date…" GolfLogix alleges that the defendants set out to unfairly compete with GolfLogix in 2008, and engaged in a series of related acts over the following months to achieve this objective.

g. Exclusion F precludes coverage in connection with or resulting from any **Claim**:

For or arising out of or resulting from:

  1. breach of any express warranty or representation except for an agreement to perform within a reasonable standard of care or skill consistent with applicable industry standards, or breach of any other contractual obligation which goes beyond an express or implied duty to exercise a degree of care or skill as is consistent with applicable industry standards." GolfLogix alleges that Perk Design breached its contractual obligations to GolfLogix.

h. Exclusion M precludes coverage in connection with or resulting from any **Claim** "arising out of any actual or alleged … unfair competition … [or] false, deceptive or unfair trade practices…" GolfLogix's amended complaint includes a claim of unfair competition against all defendants, and alleges numerous acts of unfair competition, including misappropriation of trade secrets.

i. Exclusion O(2) precludes coverage in connection with or resulting from any **Claim** "arising out of actual or alleged

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

      infringement of copyright or misappropriation of trade secret arising out of or related to **Technology Products**." GolfLogix's complaint includes allegations that the defendants misappropriated its trade secrets in the course of developing a competing software product for other entities.

j.   Exclusion T precludes coverage in connection with or resulting from any **Claim**:

[a]rising out of **Professional Services, Media Activities** or **Technology Based Services** performed for any entity, or **Technology Products** provided to any entity which:

1. is operated, managed or controlled by an **Insured** or in which any **Insured** has an ownership interest in excess of fifteen percent (15%); or in which any **Insured** is an officer or director; or

2. operates, controls or manages the Named Insured, or has an ownership interest of more than fifteen percent (15%) in the Named Insured.

The allegations in GolfLogix's Complaint involve technology based services and technology products performed for or provided to ShotZoom, GolfShot and Epic. Upon information and belief, these entities were owned, managed or controlled by defendants, and/or Prichard and Baker were officers or directors of these entities.

## PRAYER FOR RELIEF

Beazley requests that the Court enter judgment in its favor:

1.    Declaring that Beazley has no duty to defend Perk Design, Prichard and Baker, in the GolfLogix lawsuit;

2.    Declaring that Perk Design, Prichard and Baker are not entitled to indemnity from Beazley under the Policy for any settlement or judgment in the GolfLogix lawsuit;

3.    Awarding Beazley its attorneys' fees and costs incurred in defending the

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

1. GolfLogix lawsuit;

4. Awarding Beazley its attorneys' fees and costs incurred in this lawsuit pursuant to A.R.S. § 12-341.01 and any other applicable authority; and

5. For any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED June 23, 2010.

          **LEWIS BRISBOIS BISGAARD & SMITH LLP**

          By /s/ Greg S. Como
              Greg S. Como
              Adam Polson
          Attorneys for Beazley Insurance Company, Inc.